United States District Court
Southern District of Texas
**ENTERED**
October 27, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MATTHEW MARK HESLEP, §
TDCJ #1582892, §
 §
    Plaintiff, §
 §
v. § CIVIL ACTION NO. H-15-2595
 §
RICK THALER, et al., §
 §
    Defendants. §

## MEMORANDUM OPINION AND ORDER

The plaintiff, Matthew Mark Heslep (TDCJ #1582892), has filed a complaint under 42 U.S.C. § 1983 ("Complaint"), alleging violations of his civil rights (Docket Entry No. 1). Because plaintiff is incarcerated, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

### I. Background

Heslep is currently incarcerated by the Texas Department of

Criminal Justice - Correctional Institutions Division ("TDCJ"). The defendants are former TDCJ Director Rick Thaler and current TDCJ Director William Stephens.[1] Heslep also sues former State Attorney General and current Governor Greg Abbott and the Texas Court of Criminal Appeals.[2]

Heslep's Complaint concerns the direct appeal from his state court conviction. Heslep discloses that his conviction was affirmed on June 2, 2011, and that he was notified of that decision on June 8, 2011.[3] Shortly thereafter, on June 14, 2011, the Wynne Unit Classification Committee placed Heslep on "Transit Status" pending his transfer to another unit.[4] Heslep remained on Transit Status until August 14, 2011.[5] While on Transit Status, Heslep had limited access to the law library and was subject to a "Book Mobile System" that was available only three days a week (Monday, Wednesday, and Friday).[6] Because he had limited access to law books, Heslep claims that he was unable to file a petition for discretionary review ("PDR") with the Texas Court of Criminal

---

[1] Complaint, Docket Entry No. 1, at 3.

[2] Id.

[3] Id. at 4.

[4] Id.

[5] Id.

[6] Id.

Appeals before the deadline expired on July 2, 2011.[7]

On June 29, 2012, Heslep filed a state habeas corpus application requesting an out-of-time PDR, but the Texas Court of Criminal Appeals denied that request without a written order.[8] See Ex parte Heslep, Writ No. 77,915-01 available at the Texas Court of Criminal Appeals Website, http://www.search.txcourts.gov (last visited Oct. 27, 2015). Heslep filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254, but that petition was denied and dismissed with prejudice on March 31, 2015.[9] See Heslep v. Thaler, Civil No. W-12-206 (W.D. Tex.).

Heslep now asks this court to order the Texas Court of Criminal Appeals to grant him an out-of-time PDR.[10] Heslep also requests compensatory damages for "labor, expenses, and mental anguish."[11]

## II.  Discussion

Heslep's pro se pleadings are entitled to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 92 S. Ct. 594, 596 (1972). Liberally construed, Heslep contends that he was denied his constitutional right to access the

---

[7] Id.

[8] Id.

[9] Id.

[10] Id.

[11] Id.

courts because of a limitation on law library access while he was in Transit Status at the Wynne Unit in 2011.

Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. See Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). This means that the plaintiff had two years from the time that his claims accrued to file a civil rights complaint concerning his allegations. See Gonzalez v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998) (noting that a cause of action accrues, so that the two-year statute of limitations begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action).

Heslep's claim arose no later than July 2, 2011, when his time to file a PDR with the Texas Court of Criminal Appeals expired. The complaint in this case is dated August 23, 2015,[12] which is well outside the limitations period. Claims brought that are plainly barred by the applicable statute of limitations are subject to dismissal as legally frivolous. See Gartell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). Because Heslep clearly waited more than two years from the time his claims accrued to file suit, his complaint is untimely and will be dismissed as legally frivolous.[13]

---

[12]Complaint, Docket Entry No. 1, at 5.

[13]Alternatively, the court notes that Heslep's request for leave to file an out-of-time PDR was denied by the Texas Court of
(continued...)

See id.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** that the Complaint (Docket Entry No. 1) is **DISMISSED** with prejudice as legally frivolous.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties. The Clerk will also provide a copy by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

**SIGNED** at Houston, Texas, on this 27th day of October, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[13](...continued)
Criminal Appeals on state habeas review. See Complaint, Docket Entry No. 1, at 4; see also Ex parte Heslep, Writ No. 77,915-01 available at the Texas Court of Criminal Appeals Website, http://www.search.txcourts.gov (last visited Oct. 27, 2015). Heslep does not allege facts showing that he was denied the right to present a non-frivolous claim in state court. Under these circumstances, Heslep fails to articulate an actual injury and he does not state a claim for denial of access to courts. See Lewis v. Casey, 116 S. Ct. 2174, 2182 (1996); Johnson v. Rodriguez, 110 F.3d 299, 310-311 (5th Cir. 1997).